Bryant Crutcher

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Case Number: 16-1399

Case Name: United States of America v. Eric D. Welch

Name: Eric D. Welch, USM # 10444-089

Address: P.O. Box 1000

City: Marion          State: IL          Zip Code: 62959

### PRO SE APPELLANT'S BRIEF

**Directions:** Answer the following questions about the appeal to the best of your ability. Use additional sheets of paper, if necessary, not to exceed 30 pages. Please print or write legibly, or type your answers double-spaced. You need not limit your brief solely to this form, but you should be certain that the document you file contains answers to the questions below. The Court prefers short and direct statements.

Within the date specified in the briefing letter, you should return one signed original brief to:

**United States Court of Appeals For The Sixth Circuit**
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio   45202-3988

1. Did the District Court incorrectly decide the facts?     [x] Yes     [ ] No

   If so, what facts?

   > See attached "Jurisdictional Statement & Statement of the Case" contained in the pro se brief.

2. Do you think the District Court applied the wrong law?     [x] Yes     [ ] No

   If so, what law do you want applied?

   > See attached pro se brief in support, at "Argument" section.

DECEIVED

3. Do you feel that there are any others reasons why the District Court's judgment was wrong?

[x] Yes   [ ] No

If so, what are they?

> Yes, starting in 2010, when I knew nothing of the law, and continuing
> to present day, under Haines v. Kerner, 404 U.S. 519 (1972), "since it
> did not appear beyond doubt that the inmate could prove no set of facts
> in support of his claim which would entitle him to relief, he was entitled
> to an opportunity to offer proof," but the district court never even cited
> to this standard as-requested.

4. What specific issues do you wish to raise on appeal?  (See attached for more of an explanation).

> See attached pro se brief in support at Questions Presented and in the
> Argument section.

5. What action do you want the Court of Appeals to take in this case?

> I would like the Court to appoint Howard W. Anderson, III, as requested
> in my motion to appoint counsel under CJA to provide revised briefing
> papers to this pro se, preliminary brief; and to grant a new trial for
> the facts and reasons presented.

I certify that a copy of this brief was sent to opposing counsel via U.S. Mail on the _23_ day of
_____May_____, 20_16_.

Signature (Notary not required)

_Eric Welch_

# TABLE OF CONTENTS

Pro Se Appellant's Brief Form .........................Cover Pages  1–2

Table of Contents ...............................................i

Table of Authorities................................ii – iii

Questions Presented.....................................iv

Jurisdictional Statement & Statement of the Case...........1

      1.   Pro Se "Letter Filings" From Marquette County Jail,
          Et Al., Contain Substantive "New Trial" Request, Even
          Though Prisoner Asked to "Dismiss This Case"................1

      2.   Brass Tacks: The New Trial Facts, Versus the District
          Court's Re-Styled "Finding" ...........................4

Overview of Argument.....................................7

Argument.................................................8

    1. Legal Standards

        RIGHT TO COUNSEL  ...............................8

        PRO SE LETTER FILINGS STANDARD....................8

        RULE 33(b)(1) FILED AFTER TRIAL BUT
        BEFORE EITHER APPEAL OR SENTENCING.............9

        SIXTH CIRCUIT CRITERIA FOR GRANTING RULE 33(b)(1)
        MOTIONS UNDER NEWLY DISCOVERED EVIDENCE .........11

      2.   Did the District Court Commit Error When it
          Ignored the Letter Filings and Supplemental
          Facts Assembled in the Motion for Status?  .......12

      3.   Did the District Court Commit Error When it Failed
          to Appoint New Counsel? ...........................14

      4.   Did the District Court Commit Error Under Robinson?........14

Conclusion ............................................16

Certificate of Service  ...............................16

TABLE OF AUTHORITIES

Cases

Carney v. Jefferson County Fiscal Court, 53 Fed.Appx. 343
    (6th Cir. 2002) .................................9,12

Castro v. United States, 540 U.S. 375 (2003) ...................15

Conley v. Gibson, 355 U.S. 41 (1957)............................8

Doe v. Tecumseh Public Schools, No. 06-12493,
    2007 U.S. Dist.LEXIS28483 (E.D. Mich. Apr. 18, 2007)......9,12

Haines v. Kerner, 404 U.S. 519 (1972).........................8,9

Kirby v. Memphis Security Co., No. 1:01-cv-151,
    U.S. Dist. LEXIS 19927 (E.D. Tenn. Nov. 5, 2003).........9,12

National Labor Relations Board v. Reynolds & Underhill, Inc.,
    No. 95-6362, 1996 U.S. App. LEXIS 29737 (6th Cir. 1996)...9,12

Shearer v. Morgan County Circuit Court, No. 05-cr-264-KSF,
    2005 U.S. Dist. LEXIS 20435 (E.D. Ky. Spt. 19, 2005) .....9,12

Wilson v. United States, 969 F.Supp. 1054 (E.D. Mich. 1997)........9,12

United States v. Aponte-Vega, 230 F.3d 522 (2nd Cir. 2000) ..........12

United States v. Bachynsky, 578 Fed. Appx. 914 (11th Cir. 2014) ...10,14

United States v. Field, 756 F.3d 911 (6th Cir. 2014) ..............9,12

United States v. Johnson, 405 Fed.Appx. 637 (3rd Cir. 2010) .........12

United States v. Jones, 38 Fed. Appx. 840 (4th Cir. 2002)............11

United States v. McGowan, 668 F.3d 601 (9th Cir. 2012)...............13

United States v. Murray, 414 Fed. Appx. 318 (2nd Cir. 2011).......10,14

United States v. Narciso, 446 F.Supp. 252 (E.D. Mich. 1976)..........13

United States v. Owen, 553 F.3d 161 (2nd Cir. 2009) ..............10,14

United States v. Robinson, 1997 U.S. App. LEXIS 27806
    (6th Cir. 1997)  ............................3,10,15

United States v. Smith, 331 U.S. 469 (1947) ..........................8

United States v. Berger, 375 F.3d 1223 (11th Cir. 2004) ...........8,14

United States v. Turner, 490 F.Supp. 583 (E.D. Mich. 1979) ...........11

United States v. Woodson, 508 Fed. Appx. 189 (3rd Cir. 2013)..........11

Statutes

28 U.S.C. § 1746 ............................................16

Rules

Fed. R. Crim. Pro. 33 ...................................passim

Other Authority

United States Constitution, VI$^{th}$ Amendment ......................8

QUESTIONS PRESENTED

A.   Did The District Court Commit Error When It Ignored The Letter
     Filings and Supplemental Facts Assembled in the Motion for Status?
     (Under Haines v. Kerner, and Castro v. United States)

B.   Did The Distict Court Commit Error When It Failed To Appoint New
     Counsel?
     (Under the Sixth Amendment and the Fed. R. of Crim. Pro.)

C.   Did The District Court Commit Error Under United States v. Robinson
     1997 U.S. App. LEXIS 27806 (6th Cir. 1997), When It Either Silently
     Stayed, Or Did Nothing With a Substantive New Trial Request?

JURISDICTIONAL STATEMENT & STATEMENT OF THE CASE

1.  Pro Se "Letter Filings" From Marquette County Jail, Et Al., Contain
    Substantive "New Trial" Request, Even Though Prisoner Asked to
    "Dismiss This Case"

Beginning forty days after trial Appellant wrote several pro se
"letter filings" he contends should have been construed -- in light
of their context and supplemented material -- as a Fed. R. Crim. Pro.
33(b)(1) Motion for New trial, based on newly discovered evidence.
[ECF No.'s 91, 94, 96 each discussed ECF No.'s 48-50, and their supplemented
facts from No. 33 at PageID#85, and from a separate matter, Welch v.
United States, 2:13-cv-115 at Doc. #4-2 PageID#183 (and Ex.F)].

The controversy initiates from about a dozen key facts in the
letters, plus three supplemental pieces of evidence, sworn as an affidavit.
[ECF NO. 96 at 5-7, ¶¶1-12, plus p.7 at ¶¶1-3 Supp.]. These pro se
pleadings support a complaint that his attorney kept Welch from testifying
(or being heard, for that matter) on his own behalf, at his own trial.
To-wit: his attorney advised Welch there would be "constant and inevitable
mistrials" if Welch took the stand, but, weeks later, said it would
not have caused a mistrial (which prompted the pro se letter filings).
[ECF No. 49 at PageID#129; ECF No. 48 at PageID#124; Supplemented in
2:13-cv-115, Ex.F].

At bar, the district court docketed Mr. Welch's pro se pleadings
wherein he asked the court to "dismiss the case." [ECF No. 50, text
entry]. Mr. Welch was unaware of how to formally ask for a new trial.
[ECF No. 91 at Welch Aff.; ECF No. 99 (same)]. The district court let

the letter filings lay dormant, taking no action.

In a separate matter (Welch v. United States, 2:13-cv-115), Counsel was afforded an opportunity to rebut, but his affidavit does not dispute that he advised Mr. Welch that any attempt to take the stand and be heard at his own trial would result in "constant and inevitable mistrials." [Compare 2:13-cv-115, ECF No. #2-1 at ID#100, with id. ECF No. #20, Dobias Aff.]. The district court did not reach the merits of the mistrial misadvice, but rather considered a different issue, that is, as if his attorney did not inform him about his right to testify. [ECF No. 91 at PageID#1231, (citing to 2:13-cv-115, ECF No. 40 at PageID#559].

Rather than confront Welch's oft-repeated complaint about the "mistrial" misadvice, Mr. Dobias' affidavit alleges that his concern over impeachment and propensity evidence justified keeping Mr. Welch from testifying, but, since the trial was narrowly defined under mens rea for how computers operate, his post-trial excuses were irrelevant. [ECF No. 91 at 4; See also, 2:13-cv-115, ECF No. #20 at ID#378 ¶9].

After a round of collateral review -- the district court again ignoring the letter filing's mistrial facts and considering only an unasserted theory on counsel's not advising Welch about his right to be heard -- the district court again remained dormant as to the "mistrial misadvice" issue raised prior to any other post-trial motion. [ECF No. 91 at 8;** ECF No. 96 at 8 (both entries from the instant criminal docket)].

At bar, the court below expressly omitted the "mistrial" claim in the orders under review. [ECF No.'s 93, 95, 100]. This, despite

---

** PageID#1231

the fact that at the start of it all, in November of 2010, just 40 days or so after trial, Mr. Welch wrote the letters "truthfully", pro se, having no legal training, having never filed a motion, and without any help from the appointed counsel whose behavior he complained about: "I personally consulted no attorney while composing these letters. I wanted them to be 100% my own thoughts, feelings, and so on." [ECF No. 50 at PageID#142].

The initial letters total 22 repetitive pages. They allege nearly a dozen key, operative facts for a New Trial request as discussed below. Since the lower court never took any action on the initial three letter filings, and after Direct and Collateral review likewise ignored the "mistrial"-based claim, Mr. Welch filed a pro se Motion for Status/Hearing, on February 18, 2016 (prison mailbox), asking the district court to follow Supreme Court and Circuit precedent on how to handle pro se letter filings. [ECF No. 91 at 10-18].**(emphasizing, for example, United States v. Robinson, 1997 U.S. App. LEXIS 27806 (6th Cir. 1997), and other authority, supporting a finding that Welch is not precluded from asking the court to consider an issue raised prior to any other post-trial motion.) [See also, ECF No. 91 at 18].***

The district court promptly re-styled and mis-filed the formally titled and pro se Motion for Status (and yet ignored the non-formal pro se letters originally submitted by Welch): On February 23, 2016, the district court mis-filed the Motion for Status/Hearing as a motion under 28 U.S.C. § 2255. [2:16-cv-53]. One day later, the district court again mishandled the Motion for Status, this time docketing it as

---

** PageID#1233-1241
*** PageID#1241

a Motion for New Trial on February 24, 2016. For orchestrated procedural

reasons, the court denied the virtualized motion as untimely. [ECF

No. 93].

Mr. Welch moved for reconsideration on the oversight. [ECF No.

94]. The district court again failed to mention the "mistrial" misadvice

(the flip-flopping of trial counsel's at-trial and after-trial efforts at actively

confusing Appellant from testifying); and, this time, the court below

re-styled the pro se Rule 33(b)(1) request under newly discovered evidence,

as a Rule 33(b)(2) request not based on newly discovered evidence due

within 14 days of trial. [Compare ECF No. 91 at Page ID#'s 1224, 1234, 1236-7;

with ECF No. 95 PageID#1257].

Finally, on March 21st, 2016, Appellant asked the court to repair

the docket entry ECF No. 91 text (from "Motion for New Trial", to "Motion

for Status". [ECF No. 96]. The district court refused to strike the

denial of the overall mis-order, but agreed as to ordering the clerk

to correctly title ECF No. 91 as a "Motion for Status". [ECF No. 100,

Order]. To-date, however, the clerk has not yet repaired the entry.

2.   Brass Tacks: The New Trial Facts, Versus the District Court's

Re-Styled "Finding"

In the letters, Mr. Welch inartfully petitioned the district judge

to hear his side of the matter, asking to meet with him twice. Further,

he verified that what he was saying was "truthful"; asked to "dismiss

this case" (unaware of how to ask for a new trial); gave the "dispositive"

testimony the government said would have changed the course of events;

said that the court had discretion to hear his newly discovered evidence

of the attorney's grave confusions and contradictions; twice stated

his attorney's "constant and inevitable mistrials" misadvice; expressed

frustration (both objectively and subjectively) of the adversarial

process; that he did not consult an attorney for any of the letters;

that Mr. Dobias would not contradict Mr. Welch's claim; and how the

trial penalty the attorney made up ran contrary to the government's

behavior after trial. [Summarized citations, see ECF No. 91 at 5-7,**

¶¶1-12]. The government agrees that Appellant's testimony would have

been dispositive. [ECF No. 33 at PageID#85]. Something his attorney's

misleading advice covered up.

 Undaunted, Appellant raised the "mistrial" misadvice letter warnings

as supplemental facts to his 2255, but, that issue was not determined;

instead, the district court re-styled it as if his attorney did not

inform Welch about his right to testify (as opposed to bad advice against

testifying "causing a mistrial"). [ECF No. 91 at 8].** In support, Appellant

filed an affidavit explaining, in the context of the above-mentioned

letters that he "firmly believed that if he took the stand, based on

his attorney's advice, that it would cause an automatic mistrial, but

after trial, Welch found out that he had been actively or egregiously

misled right out of his right to testify completely." [ECF No. 91 at

7,*** citing 2:13-cv-115 at Ex.F]. Counsel's extremely late affidavit,

filed months after the deadline, contains no denial of the "mistrial"

misadvice, exactly as Welch had contended in the original letter filings.

---

** PageID#1228-1230, 1231
*** PageID#1230

Standing in stark contrast to those uncontested facts, the district court's re-styled "finding" on reconsideration cherry-picked a series of about five half-truths out of the context:

> "Before this Court sentenced Welch, Welch filed three pro se letters with the Court. ECF No. 48, 49, 50. As best this Court can discern, the first letter sets out various complaints about the Government's decision to prosecute his case. ECF No. 48. Welch appears to argue that he was subjected to double jeopardy based on previous state court convictions. The second letter is virtually the same as the first letter, with a few handwritten additions. ECF No. 49. Finally, the third letter is a narrative of Welch's prior convictions, his personal life, and some complaints regarding his prosecution. It also includes a one-line request to dismiss his case. ECF No. 50; PageID.142[sic]." [ECF No. 95 at Page ID#1256].

There is no mention in the district court's findings of Welch's unknowing choice to not testify in order to avoid "constant and inevitable mistrials"; no mention of the government's concession that it would have changed the outcome but for counsel's interference in the adversarial process; no mention of the attorney's not contesting or confronting the claim; no mention of Appellant's request to have a hearing on this Criminal case matter, or that he asked twice to meet in person; no mention that Welch had no realistic chance to be heard due to the unreasonble advice; and no mention of the supplemented facts. The one good thing the court did, was to recognize that the issue was raised prior to any other post-trial motion.

At bottom, the district court reconsideration order [Id.], confusingly re-styled the Rule 33(b)(1) request [ECF No. 91 at PageID#'s 1224, 1234, 1236-7].

6

into an un-asked-for Rule 33(b)(2). [ECF No. 95 at 2].[**] Reconsideration

was denied on March 14, 2016. [ECF No. 95]. Notice of Appeal was filed

on March 24, 2016 (but March 19, 2016 under Prison Mailbox Rule). [ECF

No. 101]. This Court has jurisdiction under 18 U.S.C. § 3732, and Fed.

R. App. Pro. 4(b).

## OVERVIEW OF ARGUMENT

In a slough of increasingly bizarre contradictions and confusions,
the district court decision on the Status Motion, seemed only to view-askew
the merits of the Status Motion, and not the merits of the pro se letters;
nor the government's concession, nor the supplemented facts from a
separate matter. These altogether form the grounds for a meritorious
Rule 33(b)(1) hearing to develop the record, for appointment of counsel
for that limited criminal-case purpose, and a new trial ordered on
the merits.

The district court avoided facing the operative authority. Under
Supreme Court and Circuit precedent (1) Mr. Welch had a right to counsel
(to represent his new trial request based on newly discovered (and
admitted) attorney shenanigans preventing him from testifying at his
own trial); (2) Mr. Welch had a right to a hearing on his vaguely asserted
pro se letters and the other evidence proferred; (3) The district court
had only three options regarding the pro se letter filing's new-trial
elements: Grant, Deny, or Stay pending appeal. In the Motion for Status,
Welch is not precluded from asking the court to consider an issue raised
prior to any other post-trial motion. What is more, the court's silence
can also be inferred as a stay that it never got back to.

** PageID#1257

ARGUMENT

1.    Legal Standards

RIGHT TO COUNSEL

A judge granting a new trial in a criminal case under authority
of Rule 33 needs to assign no reason other than that it is required
in the interest of justice. United States v. Smith, 331 U.S. 469 (1947).
Because a post-conviction, pre-appeal Fed. R. Crim. Pro. 33 motion
is considered part of defendant's direct appeal, the Sixth Amendment
right to counsel attaches. U.S. Const. VI[th] Amend.; See also United
States v. Berger, 375 F.3d 1223 (11th Cir. 2004).

PRO SE LETTER FILINGS

Pro se litigants who write letters to the Court are to have those
letters (1) construed liberally; (2) heard on the merits rather than
the technicalities of the pleadings; (3) give the litigant an opportunity
to offer proof at a hearing, when it does not appear beyond doubt that
the inmate could prove no set of facts which would entitle him to relief:

In Haines v. Kerner, 404 U.S. 519 (1972), the United States Supreme
Court unanimously held that "since it did not appear beyond doubt that
the inmate could prove no set of facts in support of his claim which
would entitle him to relief, he was entitled to an opportunity to offer
proof." (Citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Haines
court reasoned "although we intimate no view whatever on the merits
of petitioner's allegations we conclude that he is entitled to an opportunity
to offer proof." Haines at 521. So, merits are as irrelevant as proving

8

the claim ahead of time to whether or not a pro se prisoner litigant should be afforded a hearing. And, Haines dealt with an inmate's civil case, and not the higher-importance of hearing his side in a criminal matter.

Pro se letters are to be construed as pleadings and clarifying questions at a hearing are the norm. See Carney v. Jefferson County Fiscal Court, 53 Fed.App'x. 343 (6th Cir. 2002) (pro se letter construed as Rule 60(b) motion); National Labor Relations Board v. Reynolds & Underhill, Inc., No. 95-6362, 1996 U.S. App. LEXIS 29737 (6th Cir. No. 12, 1996) (NRLB erred by failing to construe letter as answer); Doe v. Tecumseh Public Schools, NO. 06-12493, 2007 U.S.   Dist. LEXIS 28483 (E.D. Mich. Apr. 18, 2007) (pro se submission construed as motion to set aside default); United States v. Field, 756 F.3d 911 (6th Cir. 2014) (district court treated defendant's pro se letter as a motion, ordered the government to respond, and appointed counsel for petitioner); Wilson v. United States, 969 F.Supp. 1054 (E.D. Mich. 1997) (pro se letter construed as § 2255 motion); Shearer v. Morgan County Circuit Court, NO. 05-cr-264-KSF, 2005 U.S. Dist. LEXIS 20435 (E.D. Ky. Sept. 19, 2005) (pro se letters construed as pleadings to initiate § 1983 action); Kirby v. Memphis Security Co., No. 1:01-cv-151, 2003 U.S. Dist. LEXIS 19927 (E.D. Tenn. Nov. 5, 2003) (memorandum might be sufficient to constitute answer on behalf of defendant individually).

RULE 33(b)(1) FILED AFTER TRIAL BUT BEFORE EITHER APPEAL OR SENTENCING

Grant, Deny, or Stay. Those are the three options this Circuit holds are the only three things a district court may do regarding a

new trial motion filed while the appeal was pending. <u>United States</u>
<u>v. Robinson</u>, 1997 U.S. App. LEXIS 27806 (6th Cir. No. 95-1725, 1997)
(remanded for a merits hearing because doing nothing is not an option:
**(1)** The district court could have certified its inclination to grant
the motion and defendant could have requested a remand from the court;
**(2)** If the district court was inclined to deny the motion, it could
have issued an order denying it, and <u>this order was appealable</u>; lastly,
**(3)** the district court could have held the motion in abeyance pending
resolution of the appeal.) (Emphasis added).

Other Circuits agree. A defendant who writes a letter motion to
the district court after trial but before appeal, and alleges alternate
grounds including newly discovered evidence and ineffective assistance
of counsel, receives -- unlike what the district court at bar did below
-- an order for additional briefing on his claim with newly appointed
counsel. <u>United States v. Owen</u>, 553 F.3d 161 (2nd Cir. 2009). See also
<u>United States v. Murray</u>, 414 Fed. Appx. 318 (2nd Cir. 2011) (after
trial but before appeal defendant's allegations formed enough of a
new trial complaint -- his attorney disallowed him from testifying
and disarmed his right to testify -- that the district court held an
evidentiary hearing and appointed new counsel). <u>Owen</u>'s request was
under Rule 33(b)(1), like the case at bar. See also <u>United States v.</u>
<u>Bachynsky</u>, 578 Fed. Appx. 914 (11th Cir. 2014) (despite having appointed
counsel defendant filed his own rule 33(b)(1) for being duped by that
counsel, and as newly discovered evidence, a hearing was granted and also
new counsel). All of these folks contended something that -- like at
bar -- was not an issue on direct appeal.

Two more cases worth mentioning from the Third and Fourth Circuits: United States v. Jones, 38 Fed. Appx. 840 (4th Cir. 2002) (although represented by counsel, defendant's pro se Rule 33 motion filed after trial but before sentencing under newly discovered evidence warranted a hearing.)

United States v. Woodson, 508 Fed. Appx. 189 (3rd Cir. 2013) (Although not facially apparent from LEXIS/NEXUS whether the Rule 33 was a (b)(1) or a (b)(2), the pro se defendant filed his new trial motion after trial and before sentencing and a new trial was granted.)

SIXTH CIRCUIT CRITERIA FOR GRANTING RULE 33(B)(1) MOTIONS UNDER NEWLY DISCOVERED EVIDENCE

In a motion for new trial based upon newly discovered evidence, the Sixth Circuit employs a 4-factor test: **(1)** the newly discovered evidence must be unknown to defendant at time of trial; **(2)** the evidence must be material (and not merely cumulative or impeaching); **(3)** the evidence's production must in all probability lead to acquittal; and **(4)** the failure to learn of the evidence must not be due to lack of diligence on the part of the defendant. United States v. Turner, 490 F. Supp. 583 (E.D. Mich. 1979) (citing cases).

As for (1), his attorney has not contested he told Mr. Welch one thing at trial (a mistrial would occur) and another thing weeks after trial (a mistrial would not have occurred). As for (2) the government and Mr. Welch agree in the outcome of his testimony being "dispositive" if Welch had testified to his knowledge of the contraband, which goes to (3), as well. As for (4), as soon as the frustration of the adversarial

11

process became known (and not simply the state-court plea violation causing due process concerns), Welch let the court know in more than one way, on more than several occasions. The "probability" of a different outcome is not contested. A district court does not abuse its discretion in denying a Rule 33 motion (for new trial on basis of newly discovered evidence), because relief like that is merited only if the evidence would probably lead to a different outcome -- as here -- and would create reasonable doubt that did not otherwise exist. United States v. Aponte-Vega, 230 F.3d 522 (2nd Cir. 2000).

2.    Did the District Court Commit Error When it Ignored the Letter Filings and Supplemental Facts Assembled in the Motion for Status?

Short answer: Yes.

Long Answer: If we are to take seriously the holding in Haines to "provide an opportunity to offer proof;" And, further, that this Circuit has long held that letter filings -- often submitted in verse or prose form themselves -- are to receive favorable interpretations, then good reasons exist  to agree. See, for example, Carney, National Labor Relations Board, Doe, Field, Wilson, Shearer, and Kirby, already mentioned above. Liberal construction and being heard on the merits especially applies then the issue is an attorney complaint and the issue is raised before sentencing. United States v. Johnson, 405 Fed. Appx. 637 (3rd Cir. 2010).

Normally, a judge's ability to grant a dismissal is bound to the period of time that ends when the trial ends. Fed. R. Crim. Pro.

By contrast, a "new trial" request <u>must</u> be made by a party within three years <u>after</u> trial for newly discovered evidence. Rule 33(b)(1). Because a district court cannot make a ruling for a new trial <u>sua sponte</u>, and must rely on a defendant's filing one, the district court at bar should have interpreted Appellant's post-trial request to "dismiss" as a motion for "new trial". <u>United States v. McGowan</u>, 668 F.3d 601 (9th Cir. 2012) (District court must rely on a defendant to file something to consider a new trial request). The district court at bar should have taken Welch's statement at face value, that he "personally consulted no attorney" when writing his three letters. [ECF No. 50, text entry, and PageID#142]. At bar, the court record remained alarmingly silent.

What is more, Welch was not the only person with something to say about the outcome being different. [ECF No. 33 at PageID#85]. And, his attorney never contested the during-and-after, mistrial / no-mistrial active confusions. The bogus 'trial penalty' counsel likewise made up, played no part in the post-trial schema followed by the government.

The district court's order on reconsideration (the only order in the record to touch briefly on the content of the 22 pages), carries little or no finding of well-researched facts and relies on sudden and suggestive abridgment, instead. [ECF No. 95]. At bottom, Welch knew what he was asking for, but he just did not know how to go about asking for it. [ECF No. 91, Welch Aff.]. And, he added to the clarity by supplementing evidence up to, but not over, three years after trial. Ordinarily, the district court must review the challenged trial proceedings to ensure that the dictates of due process have been met. <u>United States v. Narciso</u>, 446 F.Supp. 252 (E.D. Mich. 1976).

3.  Did the District Court Commit Error When it Failed to Appoint
    New Counsel?

    This is a criminal case where the defendant complained about an
active outcome-altering fact -- attorney meddling in the adversarial
process, disallowing dispositive testimony. But, new trial motions written
by non-lawyer defendants regularly get new counsel for that limited
purpose. See above, United States v. Bachynsky; United States v. Berger;
United States v. Owen; United States v. Murray. This, because there
is a Sixth Amendment right to counsel during a criminal matter, and,
where the claim involves a party who cannot be objective about his
performance.

    The district court commited error by not appointing new consel
in this criminal matter, in part, because it first committed the error
of ignoring the pro se new trial request with supplemented facts under
the motion for status prompting.


4.  Did the District Court Commit Error Under Robinson?

    Robinson says the district court had only three options when viewing
the letter filings and supplemented facts through the lens of a new
trial request: Grant, Deny, or Stay. Admittedly, the court's silent
record could be interpreted as a stay, but its actions after Appellant
asked for status are unclear.

    Reading the district court's tortured verse and mishandling of
the Motion for Status makes it difficult to review its decision-making

14

process. From first ignoring the filings in the first place (recharacterizing letter filings as junk mail contra Castro v. United States, 540 U.S. 375 (2003) which holds that recharacterizing a pro se litigant's motion is forbidden unless or until the federal court notifies the litigant of the intended recharacterization and its consequences and provides an opportunity to withdraw or amend the letter filings;)...to not reaching the "mistrial" misleading advice claim in the 2255, leaves a poor record. Raised prior to any other post-trial motion, supplemented and conceded by the only opponent that mattered, Appellant explained the new trial substance, and contextualized it for the district court's immediate Robinson-compliant ruling. But, it did not follow Robinson because it first mischaracterized and misfiled the status motion and the Rule 33(b)(1) as a 33(b)(2), and THEN denied it.

Certainly not the only problem with error-causing-error-causing-error being cumulative is that if this Court weighs credibility in the crucible of doubt, a quick-to-deny pro se clerk office, and does not grant this appeal, then it will do everything that offers laziness a refuge.

The shadowy theater of an unfair law court is about as ugly a thing as police brutality, but worse for its inability to appear on a bystander's cell cam. The instant Court should not transform what the district court did (fit the square pegs of fact into the round hold of supposition), because that would turn the appellate law clerk's office (reviewing the challenges of pro se prisoner litigants), into a side-show act...a forum where fledgling lawyers and defendants are allowed to play along, but disallowed from meaning anything.

15

The physics of the controversy are that Mr. Welch was misled out of his right to testify by his attorney's gamesmanship alleging a mistrial would occur if he did, but later said the opposite; the government does not contest, in fact, offers this Court the rather stunning fact that Mr. Welch's testimony credibility would have been "dispositive". But, ultimately the district court believes that the privation and perversion of the good order of law should follow the dead letter of half-truth findings and sideways mis-filings.

## CONCLUSION

For the foregoing reasons, Appellant requests a grant of a new trial, newly appointed counsel Howard W. Anderson III as requested in the Motion to Appoint Counsel to file revised briefing papers and argue the issue on appeal, and continuation of Mr. Welch's in forma pauperis status.

May 23, 2016

Date Executed
Under penalty of perjury pursuant to
28 U.S.C. § 1746, I declare that the
foregoing is true and correct. Further that
it has been deposited in the institution's
internal mail system designed for legal mail
this day, United States Postal Service, first-class
postage pre-paid.

/s/   Eric D. Welch

Eric D. WElch pro se
USM # 10444-089
P.O. Box 1000
Marion, IL  62959

## Certificate of Service

I hereby certify that a copy of the foregoing was mailed this day, United States Postal Service, first-class postage pre-paid, upon the following:

Paul Lochner, AUSA
2nd Floor, US Attorney
1930 US Highway 41
Marquette, MI 49855

From the Desk of:
Eric D. Welch
10444-089
P.O. Box 1000
U.S. Penitentiary
Marion, IL 62959




⇔10444-089⇔
United States Court Appeal
Case Manager: Bryant Cratcher
100 E 5TH ST
Suite 540
Cincinnati, OH 45202 - 3988
United States