No. 16-1399

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ERIC DEXTER WELCH,

*Defendant-Appellant.*
_____

On Appeal from the United States District Court
for the Western District of Michigan
No. 2:10-CR-08
_____

**BRIEF FOR APPELLEE**
_____

PATRICK A. MILES, JR.
*United States Attorney*

PAUL D. LOCHNER
*Assistant United States Attorney*
1930 U.S. Hwy. 41 West
Marquette, Michigan 49855
(906) 226-2500

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..........................................................................ii

STATEMENT REGARDING ORAL ARGUMENT ................................. iii

STATEMENT OF JURISDICTION..........................................................1

ISSUES PRESENTED ..............................................................................2

STATEMENT OF THE CASE ..................................................................3

SUMMARY OF THE ARGUMENT ......................................................10

ARGUMENT ...........................................................................................11

    I.   The District Court Did Not Err in Finding that Welch's
        Letters Do Not Constitute a Motion for a New Trial. ...........11

    II.  Even If Welch's Letters Could Be Construed as a Motion for a
        New Trial, the District Court Did Not Abuse Its Discretion
        When Denying the Motion. ....................................................13

CONCLUSION .......................................................................................19

CERTIFICATE OF SERVICE...............................................................20

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS .21

i

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>Cases</u>

*Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004) ....................................12

*United States v. Carson*, 560 F.3d 566 (6th Cir. 2009)...........................13

*United States v. Munoz*, 605 F.3d 359 (6th Cir. 2010) ...........................13

*United States v. O'Dell*, 805 F.2d 637 (6th Cir. 1986) .....................13, 17

*United States v. Scaife*, 749 F.2d 338 (6th Cir 1984)..............................17

*United States v. Seago*, 930 F.2d 482 (6th Cir. 1991)........... 13, 15, 16, 17

*United States v. Washington*, 584 F.3d 693 (6th Cir. 2009) ...................13

*Wells v. Brown*, 891 F.2d 591 (6th Cir.1989) ..........................................12

## <u>Statutes</u>

18 U.S.C. § 3231 ......................................................................................1

28 U.S.C. § 1291 ......................................................................................1

## <u>Other Authorities</u>

Fed. R. Crim. P. 33(b)(1) .......................................................................14

Fed. R. Crim. P. 33(b)(2) .......................................................................13

ii

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is unnecessary in this case because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## STATEMENT OF JURISDICTION

The district court had subject-matter jurisdiction under 18 U.S.C. § 3231 because Defendant-Appellant Eric Dexter Welch was charged with federal crimes.  On December 20, 2010, the court entered its judgment of conviction and sentence.  On February 24, 2016, Welch filed a motion for a new trial based on letters he had filed with the court in November 2010 after his conviction following a jury trial but before sentencing.  On February 24, 2016, the district court denied Welch's motion.  On March 7, 2016, Welch filed a motion for reconsideration. On March 14, 2016, the district court denied Welch's motion.  Welch filed a notice of appeal on March 24, 2016. This Court has appellate jurisdiction to review the district court's final order denying Welch's motion for status or hearing on his motion for a new trial under 28 U.S.C. § 1291.

## ISSUES PRESENTED

1.    Did the district court err in determining that Welch 's letters did not constitute a motion for a new trial?

2.    If Welch's letters constituted a motion for a new trial, did the district court abuse its discretion in denying the motion?

## STATEMENT OF THE CASE

On February 10, 2010, a federal grand jury sitting in Marquette, Michigan returned a single count indictment against Welch for possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(b), 2252(b)(2) and 2256.  (2:10-cr-08, R. 1: Indictment, ID#1-3.)  On September 21, 2010, a single count superseding indictment was returned against Welch for possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(b), 2252A(b)(2), and 2256(8)(A).  (2:10-cr-08, R. 25: Superseding Indictment, ID#62-64.)  The case proceeded to trial on October 4 and 5, 2010, and on October 5, 2010, the jury returned a guilty verdict.  (2:10-cr-08, R. 43: Jury Verdict, ID#115.)

On November 15, 2010, Welch submitted a typewritten letter to the district court. (2:10-cr-08, R. 48: Letter, ID#121-25.)  In this letter, Welch noted his intention to "convey a set of opinions specifically about these two cases built on the same body of evidence in which I was involved and / or charged." (*Id*. at ID#121.)  These opinions revolved around Welch's 2007 state court convictions and his 2010 federal trial. Welch noted without complaint that his defense attorney and United

3

States Probation Officer were "entrusted with collecting and summarizing the more immediate, pressing case as part of their protocol efforts in pre-sentencing." (*Id.*)  Welch complained about the lead case agent's veracity, but noted that his attorney "may provide summary, as this letter is not the appropriate venue for that." (*Id.*)

Welch essentially went on to complain that his case involved double jeopardy in principle, as reflected in the statements of three other judges, who Welch averred "would not bat an eye, nor disagree at all, if you chose to dismiss this case." (2:10-cr-08, R. 48: Letter, ID# 123.)  Welch later noted that he "deliberately did not take the stand not only to avoid possible further harm, as Mr. Dobias (Welch's trial defense counsel) mentioned at pre-trial, but also to avoid constant and inevitable mis-trials." (*Id.* at ID#124.)  Welch did not complain about trial defense counsel's performance or claim that trial defense counsel had misled him by suggesting his taking the stand would result in a mistrial.  He did not ask for a hearing, but rather suggested that an "opportunity to present in person prior to December 14, 2010 would be met with gratitude and acceptance," ostensibly to amplify the grounds for his opinion that the federal proceedings against him were

4

fundamentally unfair in light of his earlier state court prosecution. (*Id.* at ID#121.)

On November 16, 2010, Welch filed essentially the same typewritten letter with some minor pen and ink additions and corrections. (2:10-cr-08, R. 49: Supplement, ID#126-130.) That same day, Welch also filed a handwritten letter setting forth a personal history since his 2007 state court convictions, again complaining about the lead federal case agent, and asking the court to dismiss his case based on his "actions of remorseful volunteerism and debt repayment," and "integrity of action in recovery to a better way of living." (2:10-cr-08, R. 50: Letter, ID#131-142.) At the time these letters were filed, Welch was represented by trial defense counsel awaiting sentencing. On December 15, 2010, Welch was sentenced to 168 months' confinement, a lifetime of supervised release, and a $100 special assessment. (2:10-cr-08, R: 59: Judgment, ID#156-161.)

Welch filed a timely notice of appeal with the Sixth Circuit. (2:10-cr-08, R. 62: Notice of Appeal, ID#314.) On October 20, 2011, the Sixth Circuit denied Welch's appeal. (2:10-cr-08, R. 85: Order of USCA, ID#1212-15.) On April 6, 2012, Welch filed a petition with the Supreme

5

Court for a writ of certiorari.  (2:10-cr-08, R. 87: Letter from Supreme Court, ID#1218.)  On May 15, 2012, the Supreme Court denied Welch's petition.  (2:10-cr-08, R. 88: Letter from Supreme Court, ID#1219.)

On April 8, 2013, Welch timely filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (2:13-cv-115, R. 1: Pro Se Motion, ID#1.)  Welch supplemented his motion with an introduction and summary of argument and exhibits.  (2:13-cv-115, R. 2: Supplement, ID#21-69.)  In his summary, Welch alleged that his trial defense counsel instructed him not to take the stand, as it would result in an automatic mistrial.  (2:13-cv-115, R. 2-1: Supplement, Att. 1, ID#77, 100.)  Welch's affidavit, submitted as Exhibit F, does not, however, say anything about his trial defense attorney's advice not to testify.  (2:13-cv-115, R. 4-2: Exhibits F – J, ID#181-85; R. 6-1: Motion, Att. 1, ID#311.)  On May 20, 2013, trial defense counsel Mark J. Dobias filed an affidavit responding to Welch's allegations of ineffective assistance of counsel.  (2:13-cv-115, R. 20: Affidavit, ID#376-80.)  Responding to Welch's allegation that he instructed Welch not to testify as it would result in a mistrial, Mr. Dobias noted that he advised Welch not to take the stand because he would be:

6

> [S]ubject to cross-examination, particularly on the topics of accosting a child for immoral purposes which would be highly relevant to his knowledge of possession of child pornography as well as bolstering the Government's case with respect to petitioner's knowledge as evidence in the browsing history obtained on defendant's computer.  Petitioner was advised several times as to the expected consequences of electing to testify.

(*Id.* at ID#378.)

On January 30, 2014, the district court denied Welch's motion to vacate.  (2:13-cv-115, R. 40: Order, ID#540-569; R. 41: Judgment, ID#570.)  On February 26, 2014, Welch filed a motion to vacate the district court's order and judgment denying his 2255 petition.  (2:13-cv-115, R. 43: First Motion, ID#586-588.)  On August 27, 2014, the district court denied Welch's motion and denied his request for a certificate of appealability.  (2:13-cv-115, R. 47: Order, ID#638-639.)  On October 3, 2014, Welch filed a timely notice of appeal, seeking reversal of the district court's order and denial of a certificate of appealability.  (2:13-cv-115, R: 48: Notice of Appeal, ID#640-42.)  On March 27, 2015, this Court denied Welch's application for a certificate of appealability.  (2:13-cv-115, R. 49: Order of USCA, ID#643-651.)  In its opinion rejecting Welch's claims, this Court noted:

7

> [R]easonable jurists could not debate that an
> evidentiary hearing was not warranted on
> Welch's claim in his COA application that trial
> counsel allegedly informed him that a mistrial
> would occur if he attempted to testify at trial. A
> review of Welch's affidavit, attached to his § 2255
> motion, does not contain an averment that Dobias
> made such a statement. This claim does not
> deserve encouragement to proceed further.

(*Id*. at ID#649.) Welch filed a petition for a writ of certiorari with the

Supreme Court on September 9, 2015. (2:13-cv-115, R. 50: Letter from

Supreme Court, ID#652.) The Supreme Court denied Welch's petition

on October 22, 2015. (2:13-cv-115, R. 51: Letter from Supreme Court,

ID#653.)

On February 24, 2016, Welch filed a motion entitled "Motion for

Status/Hearing on Defendant's November 2010 Rule 33 Motion for New

Trial" in the district court. (2:10-cr-08, R. 91: Motion for New Trial,

ID#1224-43.) That same day, the district court denied Welch's motion,

noting that Federal Rule of Criminal Procedure 33(b)(1) provides that a

motion for a new trial based on newly discovered evidence must be filed

within three years after the verdict, and that Welch was well past that

deadline. (2:10-cr-08, R. 93: Order, ID#1247.) On March 7, 2016, Welch

filed a motion for reconsideration claiming that he was not time-barred,

8

characterizing his November 15 and 16, 2010 letters as a motion for a
new trial and his February 24, 2016 motion as a request for status on
his original motion.  (2:10-cr-08, R. 94: Motion, ID#1248-51.)  On March
14, 2016, the district court denied Welch's motion for reconsideration.
(2:10-cr-08, R. 95: Order, ID#1256-57.)

 In its ruling denying Welch's motion for reconsideration, the
district court found that Welch's letters did not constitute a motion for a
new trial. (*Id.*)  The district court accurately summarized Welch's
letters, noting that:

> [T]he first letter sets out various complaints
> about the Government's decision to prosecute his
> case.  ECF No. 48.  Welch appears to argue that
> he was subjected to double jeopardy based on
> previous state court convictions.  The second
> letter is virtually the same as the first letter, with
> a few handwritten additions.  ECF No. 49.
> Finally, the third letter is a narrative of Welch's
> prior convictions, his personal life, and some
> complaints regarding his prosecution.  It also
> includes a one-line request to dismiss his case.
> ECF. No. 50; PageID. 142.

(2:10-cr-08, R. 95: Order, ID#1256.)  Welch filed a timely notice of
appeal on March 24, 2016.  (2:10-cr-08, R. 101: Pro Se Notice of Appeal,
ID#1286.)

## SUMMARY OF THE ARGUMENT

The three letters Welch submitted to the district court after the guilty verdict but prior to sentencing did not constitute a motion for a new trial. The district court accurately summarized Welch's letters as complaints about the government's decision to prosecute his case that included a one-line request to dismiss his case. Nowhere in the letters does Welch complain about his attorney's performance or the strategic decisions he made, nor does he complain of any legal error that would give rise to a claim for a new trial. Accordingly, the letters cannot be reasonably read as a motion for a new trial, and the court was not required to conjure allegations on Welch's behalf.

Even if Welch's letters were construed as a motion for a new trial, the district court appropriately denied the motion, as this Court has clearly held that evidence of ineffective assistance of counsel is not newly discovered evidence for purposes of a motion for a new trial where the facts supporting the claim were within the defendant's knowledge at the time of trial.

# ARGUMENT

## I.   The District Court Did Not Err in Finding that Welch's Letters Do Not Constitute a Motion for a New Trial.

The letters Welch submitted to the district court after the jury verdict in his case essentially constitute a complaint about the injustice of the government prosecuting him for possession of child pornography in light of his state prosecution for other offenses in 2007.  Nowhere in these letters does Welch complain about the performance of his trial defense attorney.  Indeed, in his first letter, Welch briefly mentions the continuing efforts of his trial defense counsel in preparation for sentencing.  (2:10-cr-08, R. 48: Letter, ID#121.)  The gravamen of his complaints center around his belief that his state court pleas to accosting a minor for immoral purposes and a telecommunications access violation should have precluded the federal government from prosecuting him for possession of child pornography found on his computer seized as part of the underlying state investigation, a claim this Court later rejected on direct appeal.  (2:10-cr-08, R. 48: Letter, ID#121-25; R. 49: Supplement, ID#126-30; R. 50: Letter, ID#131-42; R. 85: Order of USCA, ID#1213-14.)  The essence of Welch's complaint is

11

set forth in his third letter, where he asks the district court to "exercise wisdom and compassion" for his "sorry state of affairs.  Not because I deserve it, but because the situation is for want of it."  (2:10-cr-08, R. 50: Letter, ID#141-42.)  Welch goes on to state that he had not earned this consideration through his letters, but rather "because my actions of remorseful volunteerism and debt repayment have been followed by the integrity of action in recovery to a better way of living."  (*Id.* at ID#142.) Welch continues, "[h]ere I beg for justice.  Here I beg that you dismiss this case."  (*Id.*)  In short, Welch's letters are nothing more than a request for relief the district court had no authority to grant based on Welch's sense of injustice and his efforts at redemption since 2007.

Although pro se pleadings must be treated leniently and liberally construed, pro se petitioners must nevertheless meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). The leniency accorded pro se litigants does not mean the government or court must "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Certainly, Welch did not meet the basic pleading standard for a motion for a new trial through the letters submitted to the district court, and the court was not

required to guess at the nature of the claim asserted or create a claim
from whole cloth.

## II. Even If Welch's Letters Could Be Construed as a Motion for a New Trial, the District Court Did Not Abuse Its Discretion When Denying the Motion.

This Court reviews a district court's decision to grant or deny a

motion under Federal Rule of Criminal Procedure 33 for abuse of

discretion. *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010)

(citing *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009)). An

abuse of discretion occurs when a district court "relies on clearly

erroneous findings of fact, improperly applies the law, or uses an

erroneous legal standard." *Munoz*, 605 F.3d at 366 (citing *United States

v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009)). Motions for a new

trial based on newly discovered evidence should be granted with

caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)

(citing *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986)).

Rule 33(b)(2) provides that any motion for a new trial grounded on

any reason other than newly discovered evidence must be filed within

14 days after the verdict or finding of guilty. Welch filed his letters on

November 15 and 16, 2010, well over a month after he was convicted by

13

jury. Accordingly, Welch was left with the grounds set forth in Rule 33(b)(1), which provides that a motion for a new trial grounded on newly discovered evidence must be filed within three years after the verdict or finding of guilty. Welch filed his self-styled Motion for Status/Hearing on February 24, 2016, well over three years after the jury returned its verdict. Faced with this time bar, Welch argues that the letters he filed in November 2010 constituted a motion for a new trial. As discussed above, no reasonable reading of Welch's letters could lead the district court to believe that they constituted a motion for a new trial. Even if the district court had construed them as a motion for a new trial, they did not establish that he was entitled to a new trial.

Welch essentially claims that his counsel was ineffective because he erroneously advised Welch that taking the stand and testifying at his trial would result in a mistrial. (2:10-cr-08, R. 91: Motion, ID#1227, 1229-31, 1242-43.) Although Welch claims that his trial defense counsel "repeatedly admonished" him that "if he took the stand there would be a mistrial," (2:10-cr-08, R. 91, Motion, ID#1227, citing his letter filing in 2:10-cr-08, R. 49: Supplement, ID#129), a review of his letter shows that his claim was that he "deliberately did not take the stand not only to

avoid possible further harm, as Mr. Dobias mentioned at pre-trial, but also to avoid constant and inevitable mistrials." (2:10-cr-08, R. 49: Supplement, ID#129.) This is a far cry from a complaint that his trial defense counsel repeatedly and improperly admonished him. Welch suggests that it was only after trial that he discovered he "had been misled out of his right to testify completely." (2:10-cr-08, R. 91: Motion, ID#1230.)

In *United States v. Seago*, 930 F.2d 482 (6th Cir. 1991), this Court took up the issue of a motion for a new trial under Rule 33(b)(1) in the context of an allegation of ineffective assistance of counsel. In *Seago*, as in this case, the defendant argued that the district court erred in denying his motion for a new trial based on newly discovered evidence that his trial counsel's assistance was ineffective. *Id.* at 487. Seago reasoned that because he did not appreciate the significance of his trial counsel's conduct until after the trial, such ineffective assistance of counsel constituted newly discovered evidence. *Id.* The Court rejected Seago's claim, noting that because Seago was aware during trial of his counsel's election to pursue an alternate strategy, his contention that

15

his ineffective assistance of counsel claim constituted newly discovered evidence was unpersuasive.  *Id*. at 488.

The Court held that evidence of ineffective assistance of counsel is not newly discovered evidence for purposes of a motion for a new trial where the facts supporting the claim were within the defendant's knowledge at the time of trial.  *Id*. at 489.  Addressing Seago's contention that as a layperson, he did not appreciate the legal significance of his counsel's actions until after trial, the Court held that his "failure to appreciate the legal significance of his trial counsel's development of an alternate defense theory does not transform evidence discussed prior to trial into 'newly discovered' evidence within the meaning of Rule 33."  *Id*. at 490.

In this case, it is clear from the affidavit submitted by trial defense counsel in Welch's 2255 filing that Welch and his counsel discussed the ramifications of his testimony at trial.  (2:13-cv-115, R. 20: Affidavit, ID#378.)  Welch's potential testimony was not new evidence discovered after trial.  This Court has narrowly construed Rule 33 by placing limits on the kind of new evidence that may warrant the grant of a new trial.  The defendant must establish: (1) the new evidence was

discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal. *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986). Welch knew what his testimony would entail before trial, so he cannot satisfy the first two prongs of the *O'Dell* test. Although Welch's testimony would have created a conflict in the evidence, such conflicts do not amount to a likelihood of acquittal. *Seago*, 930 F.2d at 491 (citing *United States v. Scaife*, 749 F.2d 338, 349 (6th Cir 1984)). The district court noted in its ruling on Welch's 2255 motion that Welch's trial defense counsel's advice not to testify constituted sound trial strategy. (2:13-cv-115, R. 40: Order, ID#560.) This Court concurred, noting the reasonableness of his counsel's advice. (2:13-cv-115, R. 49: Order of USCA, ID#648-49.) Accordingly, Welch could, at best, satisfy only one prong of the four prong *O'Dell* test even if he could get past the bar announced in *Seago*.

In sum, Welch's motion for a status hearing is nothing more than a thinly veiled attempt at a second bite at the 2255 apple, from which he is procedurally barred. His letters were not motions for a new trial,

and even if the district court had conjured them into such a motion, he runs afoul of this Court's holding in *Seago*.  As this Court noted in denying Welch's motion for a certificate of appealability, "reasonable jurists could not debate that an evidentiary hearing was not warranted on Welch's claim in his COA application that trial counsel allegedly informed him that a mistrial would occur if he attempted to testify at trial . . . This claim does not deserve encouragement to proceed further." (2:13-cv-115, R. 49: Order of USCA, ID#649.)

## **CONCLUSION**

For the foregoing reasons, the Court should affirm the judgment of the district court.

Respectfully submitted,

PATRICK A. MILES, Jr.
United States Attorney

Dated:  17 August 2016          /s/ Paul D. Lochner
                               Assistant United States Attorney
                               1930 U.S. Hwy. 41 West
                               Marquette, Michigan 49855
                               (906) 226-2500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2016, the foregoing document was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

I further certify that a copy of the foregoing document was mailed on this date to the opposing party if he/she was not registered to receive the document by the Court's electronic filing system.

/s/  Paul D. Lochner
Assistant United States Attorney
1930 U.S. Hwy. 41 West
Marquette, Michigan 49855
(906) 226-2500

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Description of Entry | Date | Record Entry Number | Page ID Number Range |
|---|---|---|---|
| **Docket Sheet (2:10-CR-00008)** | NA | NA | |
| Indictment | 02/10/10 | 1 | 1-3 |
| Superseding Indictment | 09/21/10 | 25 | 62-64 |
| Jury Verdict | 10/05/10 | 43 | 115 |
| Letter | 11/15/10 | 48 | 121-125 |
| Supplement | 11/16/10 | 49 | 126-130 |
| Letter | 11/16/10 | 50 | 131-142 |
| Judgment | 12/20/10 | 59 | 156-161 |
| Notice of Appeal | 12/22/10 | 62 | 314 |
| Order of USCA | 10/20/11 | 85 | 1212-1215 |
| Letter from Supreme Court | 04/09/12 | 87 | 1218 |
| Letter from Supreme Court | 05/15/12 | 88 | 1219 |
| Motion for New Trial | 02/24/16 | 91 | 1224-1243 |
| Order | 02/24/16 | 93 | 1247 |
| Motion | 03/07/16 | 94 | 1248-1255 |
| Order | 03/14/16 | 95 | 1256-1257 |
| Pro Se Notice of Appeal | 03/24/16 | 101 | 1286 |
| | | | |
| | | | |

21

| Docket Sheet (2:13-CV-00115) | NA | NA | |
|---|---|---|---|
| Pro Se Motion | 04/08/13 | 1 | 1-20 |
| Supplement | 04/08/13 | 2 | 21-69 |
| Supplement, Attachment 1 | 04/08/13 | 2-1 | 70-109 |
| Exhibits F-J | 04/08/13 | 4-2 | 180-214 |
| Motion, Attachment 1 | 04/08/13 | 6-1 | 311-323 |
| Affidavit | 10/01/13 | 20 | 376-380 |
| Order | 01/30/14 | 40 | 540-569 |
| Judgment | 01/30/14 | 41 | 570 |
| First Motion | 02/26/14 | 43 | 586-588 |
| Order | 08/27/14 | 47 | 638-639 |
| Notice of Appeal | 10/03/14 | 48 | 640-642 |
| Order of USCA | 03/27/15 | 49 | 643-651 |
| Letter from Supreme Court | 09/17/15 | 50 | 652 |
| Letter from Supreme Court | 10/22/15 | 51 | 653 |